

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 07, 2016.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-52500-CAG |
| | § | |
| ROBERT C. LOWRY and | § | |
| LYNNELL C. LOWRY, | § | |
| | § | CHAPTER 7 |
| Debtors. | § | |

**ORDER DENYING PETER A. TARBOX, M.D.'S
MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(a) FOR CAUSE (ECF NO. 17)**

Came on to be considered the above-numbered bankruptcy case, and, in particular, Peter A. Tarbox, M.D.'s Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(a) For Cause (ECF No. 17) (the "Motion"), and Debtors' Response thereto (ECF No. 40). The Court began its hearing on the Motion on January 7, 2016, and concluded the hearing on January 29, 2016. The Court took the matter under advisement on January 29, 2016. For the reasons stated below, the Court finds that the Motion should be DENIED.

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408(1). This matter is referred to this Court under the District's Standing Order of Reference. This matter is a core proceeding under 28 U.S.C. § 157(b)(1), in which the Court may enter a final order. The Court finds that this is a contested matter as defined under Fed. R. Bankr. P.

1

9014. As such, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## BACKGROUND AND PARTIES' CONTENTIONS

Debtors in this case are Drs. Robert C. and Lynnell C. Lowry. The Movant seeking dismissal of Debtors' Chapter 7 case is Dr. Peter A. Tarbox, a former business partner to Debtors and now Debtors' judgment creditor.

On December 8, 2010, Movant initiated litigation in Bexar County District Court, Cause No. 2010-CI-20160, against Debtors and their various entities ("State Court Case"). On August 25, 2015, the jury in the State Court Case returned a verdict in favor of Movant. On October 12, 2015, Debtors filed the above-referenced Chapter 7 case. Thereafter, the Court lifted the automatic stay to allow judgment to be entered in the State Court Case and for any post-judgment contesting of the award. At the time of the hearing on this Motion to Dismiss, the state court had not yet entered a judgment based on the jury's verdict. Movant also filed a complaint initiating an adversary proceeding in which he objects to Debtors' discharge under 11 U.S.C. § 727[1] and seeking a determination of non-dischargeability of the judgment debt pursuant to §§ 523(a)(2), (4) and (6).[2]

Movant contends that Debtors filed their bankruptcy petition as part of a scheme to thwart various state court actions, defraud creditors, and deny justice to Movant. Movant argues that, during the course of nearly five years of state court litigation, Debtors intentionally ran up costs and fees in the litigation. Movant also argues that Debtors employed a strategy in state court that caused delays which permitted Debtors to hide their assets and reorganize their finances so that they would appear to be in need of bankruptcy protection. Further, Movant argues that Debtors attempted to use the bankruptcy and appellate processes to increase costs and delay the state court litigation by filing bankruptcy for their forfeited entity, Neurology and Neurophysiology Assoc. PA ("NNPA"). Pointing to alleged improper statements by Debtors' state court counsel, Movant urges the Court to find that state court counsel assisted Debtors in employing a pre-meditated strategy to use bankruptcy as a means to avoid an adverse

---

[1] Unless otherwise noted herein, all statutory references are to 11 U.S.C., *et seq.*
[2] *See* Adversary Case No. 15-05089-cag.

judgment in state court. Finally, Movant alleges that Debtors have perjured themselves in the state court litigation and bankruptcy proceedings and filings.

In response, Debtors deny that any of their actions taken in state court litigation were part of a larger scheme that would ultimately land them in bankruptcy court. Rather, Debtors assert that, until the moment the jury rendered a verdict against them in the state court litigation, Debtors believed that they would win the state court litigation and would not owe anything to Movant. Debtors also assert that they filed bankruptcy for NNPA under the mistaken belief and advice of counsel that it was the next step for the entity which was also named in the state court litigation.

## ANALYSIS

Under § 707(a), a "court may dismiss a case under this chapter only after notice and a hearing and only for cause." The statute then lists the following non-exclusive grounds that satisfy the definition of "for cause": (1) "unreasonable delay by the debtor that is prejudicial to creditors"; (2) "nonpayment of any fees or charges" required to file a case; and (3) "failure of the debtor in a voluntary case to file" required schedules, creditor lists and other documents. During the time that the Court was conducting its hearing in this case, the Fifth Circuit Court of Appeals issued its opinion in *Krueger v. Torres (In re Krueger)*, 2016 WL 232014 (5th Cir. Jan. 19, 2016). In *Krueger*, the Fifth Circuit Court of Appeals joined the Third, Sixth, Seventh, Eighth and Eleventh Circuits in holding that a debtor's bad faith in the bankruptcy process can serve as the basis of a dismissal "for cause" under § 707(a). *Id.* at *4–6. The Court held that "[i]n judging whether there is cause to dismiss a case, a court may consider the debtor's entire course of conduct—before, during, and after the filing of a chapter 7 petition." *Id.* at *6.

In *Krueger*, the Fifth Circuit Court of Appeals found no error in the bankruptcy court's finding that the debtor had "petitioned for bankruptcy not to seek a fresh start as an honest but unfortunate debtor, but to hamper the state court litigation that threatened both 'his pecuniary interests' and his 'personal freedom.'" *Id.* at *8 (quoting *In re Krueger*, No. 12-40328, 2014 WL 911857, at *1 (Bankr. N.D. Tex. Mar. 7, 2014)). Looking at "any and all 'facts and circumstances surrounding the debtor's filing for bankruptcy,'" the court found that the debtor's filing of his petition in bad faith satisfied the "for cause"

3

requirement of § 707(a). *Id.* at *8. The circumstances surrounding the debtor's bad faith filing in *Krueger* included: (1) filing bankruptcy primarily to avoid a pending criminal contempt proceeding; (2) filing primarily to avoid state court summary judgment proceedings; (3) otherwise seeking to delay his state court litigation because he no longer liked his chosen venue; (4) willfully failing to list an officer and director position as well as ownership interests on his statement of financial affairs; (5) violating the automatic stay; (6) using a false address on his bankruptcy petition; (7) using the bankruptcy process to effectuate manipulation of company ownership and otherwise avoiding service; (8) repeatedly perjuring himself during the bankruptcy court proceedings; and (9) threatening a witness during the bankruptcy court's hearing on the § 707(a) dismissal motion. *Id.* at *8–9. In affirming the bankruptcy court's dismissal, the Fifth Circuit held that the "'non-economic motives'" guiding the debtor's filing of the bankruptcy petition were "'unworthy of bankruptcy protection.'" *Id.* at *9 (quoting **Huckfeldt v. Huckfeldt (*In re Huckfeldt*)**, 39 F.3d 829, 833 (8th Cir. 1994)).

The facts of the case in **Krueger** are instructive to this Court in reviewing Debtors' conduct before, during, and after the filing of their Chapter 7 petition. In examining all the facts and circumstances surrounding Debtors' filing of this bankruptcy case, the Court is not convinced that Debtors acted in bad faith or engaged in a scheme solely to thwart creditors and deny justice. Movant's argument seems to be that these Debtors can afford to pay an estimated $2.3 million verdict and may not file bankruptcy simply because that verdict was rendered. Movant points out that Debtors have spent money or sold assets during the nearly five years that the state court litigation was pending and seeks to show that the way in which Debtors conducted their financial affairs during this pre-bankruptcy time indicates a scheme to hide assets from the potential judgment creditor. This Court disagrees.

The evidence at trial showed downsizing by Debtors and continuation of other regular spending habits for Debtors prior to rendering of the state court verdict. These spending habits included payment of school tuition for their children, purchasing a car when the old one was involved in an accident, and purchasing a vehicle for their youngest child—as they had done for all their previous children. Prior to return of the verdict, there was no reason or duty for Debtors to preserve all their assets to pay a judgment

4

debt which they, at the time, did not believe they would actually owe. The evidence at trial showed that, during the five years in which the state court litigation was pending, when Debtors sold an asset, they paid creditors and were trying to minimize their overall debt liability. The Court finds that Movant has failed to show bad faith motives or intentions in any of the financial choices that Debtors made prior to the filing of bankruptcy or rendering of the jury verdict.

Additionally, the Court finds that Movant's argument that Debtors schemed to move or rearrange a number of their assets pre-bankruptcy in a manner that would prejudice the creditors once bankruptcy was filed is without merit. Movant argues that Debtors made a series of bad choices that always inured to the benefit of Debtors and prejudiced creditors by taking a "me first" mentality. The facts, however, do not show the disregard or selfish actions which Movant argues rise to the level of bad faith warranting dismissal. Movant points to Debtors' intent to surrender their rental property which provides income as a "selfish" action because that income could be used to pay creditors. This is a chapter 7 case, however, and the rental property is a non-exempt asset. As such, the rental property is part of the estate for the Trustee to administer. The Court will also note that, after the hearing on the Motion to Dismiss, the Court entered an order permitting the Trustee to abandon the estate's interest in the rental property due to the limited value of the property interest to the estate given the secured debt on the property. (ECF Nos. 45 and 50). Debtors' intention to surrender does not indicate bad faith or a scheme to avoid paying their creditors. Further, Debtors' sales of property or decisions to establish a new homestead pre-petition—and before the issuance of the state court verdict—do not indicate a scheme to defraud creditors. The testimony at trial and evidence presented displayed actions taken and choices made by Debtors at a time when a verdict had not been rendered against them and that reflected Debtors' attempts to downsize their living expenses and reduce their debt liability when income began to decrease.

The Court also finds that Movant did not provide sufficient evidence to support a finding that Debtors unnecessarily caused delays in the state court litigation nor was there evidence that Debtors were malicious in racking up costs and fees with the intent all along to file bankruptcy. The Court also finds that there is no evidence to prove that Debtors engaged in a scheme with their state court counsel to

5

orchestrate a bankruptcy filing at the end of the state court litigation. Although unprofessional behavior, the Court does not find that state court counsel's alleged statements to Movant's counsel in the state court litigation demonstrates a pre-meditated scheme to file bankruptcy on the part of Debtors. The Court also finds that Debtors have not engaged in a scheme to run up fees and costs in litigation in an effort to abuse the bankruptcy process by filing a petition in bad faith.

Likewise, the Court also does not find that the NNPA bankruptcy filed by Debtors on behalf of their defunct entity was in bad faith or demonstrates bad faith in Debtors' current personal bankruptcy filing. This Court found that NNPA did not have standing to file bankruptcy because it was a defunct entity. Although ill-advised, the Court finds that the NNPA bankruptcy was not filed with intentions to delay or further run up fees and costs in litigation. The Court does not find that the filing of the NNPA bankruptcy was part of a scheme or an abuse of the bankruptcy system.

Lastly, the Court finds that Movants have not shown that the amendments which Debtors have made to their initial schedules and filings have not been so egregious or irregular as to amount to evidence of intent to hide assets or otherwise perjure themselves in the bankruptcy filing. Movants argued that Debtors only accurately completed their schedules after two § 341 meetings and, initially, did not list assets or transactions that should have been conspicuous and fresh in Debtors' recollections. Debtors pointed out, however, that although the United States Trustee appeared at the second § 341 meeting to ask questions regarding Mr. Lowry's entities, the United States Trustee has not moved for dismissal of the case and did not choose to join Movant's motion. Debtors also argue that the amended schedules did not actually add a substantial amount of assets; rather, the assets added to the amended schedules were an account containing $5.00, which was opened in order to obtain a loan, and a few home furnishings or similar items that are stored on Debtors' property. The majority of the amendments were rather to disclose sales or entities on the Statement of Financial Affairs that had occurred or existed in the past which Debtors did not immediately recall. Mr. Lowry, in particular, is or has been a member of a large number of entities in the State of Texas at various times in his professional career. The Court and parties spent a substantial amount of time examining the schedules and Debtors' statements of financial affairs

during the trial. The Court is of the opinion that Debtors' amendments to their schedules and statements of financial affairs do not indicate a bad faith filing; rather, the bulk of the amendments were provided to add clarity and disclose assets, transactions or entities that may not have been necessary in the end but were added in an abundance of caution.

Ultimately, the Court is of the opinion that the facts of this case are easily distinguishable from those which warranted dismissal for cause due to bad faith on the part of the debtor in *Krueger*. Although Movant is frustrated by Debtors' bankruptcy filing after their successful state court litigation, seeking bankruptcy relief is not in and of itself bad faith conduct. Unlike *Krueger*, the Court finds that Movant did not show Debtors filed bankruptcy with "non-economic motives" that are "unworthy of bankruptcy protection." 2016 WL 232014, at *9 (citations omitted). The Court is of the opinion that Movant did not show that these Debtors filed bankruptcy in bad faith. Rather, this Court finds that a determination of dischargeability of the debt under § 523 or eligibility of Debtors to receive a discharge under § 727 is the more appropriate avenue for Movants to seek protection of their interests—as they have already sought to do by filing their adversary complaint. The Court bases this ruling on the evidence presented to it in relation to the Movant's Motion to Dismiss and does not preclude further evidentiary hearings or the opportunity to prosecute claims in the Movant's pending adversary proceeding. Based on the record before it, however, the Court finds that Movant did not meet its burden to show Debtors' Chapter 7 petition is filed in bad faith.

Although the Court's discretion to dismiss a chapter 7 bankruptcy filing "for cause" is broad, the availability of bankruptcy to deserving debtors is also an important right for this Court to protect. With a balancing of those interests in mind, the Court finds that Movant did not present sufficient evidence to warrant a finding of bad faith when looking at all facts and circumstances surrounding Debtors' bankruptcy filing. As such, the Court finds that cause has not been shown to warrant dismissal of Debtors' case under § 707(a).

## CONCLUSION

IT IS THEREFORE ORDERED that Peter A. Tarbox, M.D.'s Motion to Dismiss Case Pursuant

8

to 11 U.S.C. § 707(a) For Cause (ECF No. 17) is DENIED.

All other relief is DENIED.

# # #